## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TONY W. WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-4094-JAR-JTR** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION

The Commissioner of Social Security denied plaintiff's application for disability insurance benefits and supplemental security income under §§ 216(i) and 223 of the Social Security Act.  Plaintiff sought review of the Administrative Law Judge's ("ALJ") decision and Magistrate Judge John Thomas Reid issued a Report and Recommendation (Doc.16), which recommended the Commissioner's decision be reversed and remanded pursuant to the fourth sentence of 42. U.S.C. § 405(g) for further proceedings.  This matter is currently before the Court on Defendant's Objections to Magistrate's Report and Recommendation (Doc.17) and Plaintiff's Response (Doc. 20).

The standards the Court must employ when reviewing objections to a report and recommendation are clear.[1]  Only those portions of a report and recommendation identified as objectionable will be reviewed.[2]  The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's

---

[1]*See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[2]*See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); *Gettings v. McKune*, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

recommendation."[3]

In determining plaintiff's mental residual functional capacity ("RFC"), the ALJ found that plaintiff's mental disorder causes "moderate limitations in claimant's ability to understand, remember and carry out detailed instructions, work in coordination with or proximity to others without being distracted by them, and interact appropriately with the general public."[4]  The ALJ further found that plaintiff is "uncomfortable around individuals other than relatives and can be irritable with his parents, resulting in moderate limitations in his ability to interact with others."[5]

In making the determination of mental RFC, the ALJ considered the opinions of several practitioners: Dr. McKenna, an examining psychologist who opined that plaintiff's limitations were mild; Dr. Goering, a treating internist who opined that plaintiff's limitations were marked to moderate; and Dr. Ohlde, an examining psychologist who opined that plaintiff had "moderate to possibly severe difficulty in sustaining his motivation and concentration for longer of periods of time under stress but mild to moderate difficulty in other situations."  Dr. Ohlde's medical assessment further stated that plaintiff had fair to poor ability to deal with work stresses.

The ALJ gave substantial weight to the opinion of examining psychologist Dr. McKenna, who opined that plaintiff was suffering from a mild dysthymic disorder, and had a GAF of 60, which is barely within the range of 51-60 that is indicative of moderate limitations.  A GAF range of 61-70 is indicative of mild symptoms and generally functioning pretty well.  The ALJ found that Dr. McKenna's opinion was supported by medically acceptable diagnostic methods as

---

[3]*See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

[4](Doc. 4, Tr. at 25.)

[5](Doc. 4, Tr. at 26.)

well as his own observations.  On the other hand, the ALJ did not give controlling or substantial

weight to Dr. Goering's assessment, which documented moderate to marked limitations in

plaintiff's ability to perform most mental work functions.  The ALJ discounted Dr. Goering's

opinion because Dr. Goering is an internist, not a mental health practitioner, because his opinion

was made after plaintiff's second appointment after a ten month gap, and because his opinion

was not based on any objective tests or documented observations.[6]

With respect to examining psychologist Dr. Ohlde, the ALJ stated that Dr. Ohlde's

"objective findings have been given incorporated (sic) into the residual functional capacity, but

his assessment has not been given substantial weight because it is not consistent with those

findings."[7]  Judge Reid found that this adoption of Dr. Ohlde's "objective findings," but rejection

of the MMPI results and the "medical assessment" based on those MMPI results, created an

ambiguity that made remand necessary.[8]  First, it was unclear what "objective findings" the ALJ

adopted.  Dr. Ohlde's stated objective findings were based on both the MMPI results and the

Mental Status Exam.  Yet the ALJ did not mention whether he was adopting Dr. Ohlde's

findings based on the Mental Status Exam, nor did the ALJ's decision specifically mention any

of the findings in the Mental Status Exam.  Moreover, the ALJ indicated that the MMPI results

---

[6]Plaintiff did not challenge the ALJ's decision to discount the opinion of treating physician Dr. Goering and Judge Reid appropriately found no error in the decision to discount this opinion, for Dr. Goering was an internist, not a mental health specialist.  Further, the record contains no evidence that Dr. Goering ordered or administered any objective testing of plaintiff's mental condition.  Moreover, plaintiff did not specifically object to the ALJ's finding that there was substantial evidence in the record supporting Dr. McKenna's opinion that plaintiff did  not have a severe mental disorder, but rather mild impairments and limitations.  Plaintiff did not challenge this finding of the ALJ.

[7](Doc. 4, Tr. at 28.)

[8]The Minnesota Multipphasic Personality Inventory , or MMPI, is a widely used test of personality assessment used to assist with diagnosis of mental disorders and selection of appropriate treatment methods.  *See* http://www.pearsonassessments.com/tests/mmpi_2/htm (last visited Dec. 20, 2006).

were not objective evidence at all, indicating that he was not adopting the MMPI results.[9]  Yet MMPI results are objective evidence, and Dr. Ohlde included MMPI scores in his report.[10]  Thus, as Judge Reid found, the Court is unable to determine what evidence formed the basis for Dr. Ohlde's "objective findings" that the ALJ adopted.

And, as Judge Reid properly concluded, "the court cannot adequately review the decision to determine whether it is supported by substantial evidence in the record as a whole."[11]  For the Court is not to re-weigh evidence nor create post-hoc rationalizations for the Commissioner's decision.  Thus, Judge Reid recommended reversal and remand for "proper evaluation of Dr. Ohlde's report, for proper assessment of the medical opinions and plaintiff's RFC in accordance with the regulations and case law, and for proper explanation how the ambiguities were resolved and how the evidence supports the RFC findings . . . ."[12]

Defendant objects to Judge Reid's Report and Recommendation, arguing that it is possible to glean from the ALJ's analysis that he did not accept the MMPI results as probative evidence, but did accept the remainder of Dr. Ohlde's findings and incorporated those into plaintiff's RFC.  Yet, the remainder of Dr. Ohlde's findings include the statement in the Medical Assessment that plaintiff had fair to poor ability to deal with work stresses and the statement in the Mental Status Exam that plaintiff had  "moderate to possibly severe difficulty in sustaining his motivation and concentration for longer of periods of time under stress but mild to moderate

---

[9]The ALJ stated that Dr. Ohlde "admitted" that his medical assessment was based upon MMPI patterns and tendencies rather than upon his objective findings.  This indicates that the ALJ considered MMPI results as something other than objective evidence.

[10]*See* 20 C.F.R. §§ 404.1528(c), 404.1512(b)(1).

[11](Doc. 16 at 13).

[12]*Id.* at 19.

difficulty in other situations." Because the ALJ neither evaluates nor mentions these findings, this Court cannot assume, as defendant urges, that the ALJ accepted these findings.

Defendant argues that because the ALJ concluded that the plaintiff could only perform "low stress" jobs, any inadequacy in the ALJ's articulation of substantive findings is harmless. Defendant posits that assuming the ALJ accepted Dr. Ohlde's statements about plaintiff's inability to deal with work stresses, nothing in Dr. Ohlde's statements would be inconsistent with the ALJ's conclusion that plaintiff could work low stress jobs, for Dr. Ohlde never indicated that plaintiff required a no stress job. Yet, Dr. Ohlde did find that while under stress, plaintiff had moderate to possibly severe limitations in sustaining motivation and concentration, and that overall, plaintiff had fair to poor ability to deal with work stresses. To be sure, Dr. Ohlde did not distinguish between no stress and low stress situations, nor draw any distinctions based on the level of stress. But the ALJ neither evaluated nor discussed Dr. Ohlde's findings in the context of a job that presented plaintiff with some degree of stress, albeit a low degree of stress. Again, this Court is unable to review the ALJ's decision because it seemingly ignores certain findings of Dr. Ohlde and seemingly improperly discounts Dr. Ohlde's partial reliance on MMPI findings. For all of these reasons, this Court adopts the Report and Recommendation of Judge Reid.

**IT IS THEREFORE ORDERED** that Defendant's Objection to Magistrate's Report and Recommendation (Doc. 17) is overruled and denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 16) shall be adopted by the Court as its own.

**IT IS SO ORDERED.**

Dated this 20th day of December 2006, at Topeka, Kansas.

5

S/ Julie A. Robinson

Julie A. Robinson
United States District Judge